**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| WENDY D. H.,[1] | : Case No. 3:20-cv-387 |
| Plaintiff, | : |
| vs. | : Magistrate Judge Peter B. Silvain, Jr. |
| | : (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

# DECISION AND ENTRY

Plaintiff Wendy D. H. brings this case challenging the Social Security Administration's denial of her applications for period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #11), the Commissioner's Memorandum in Opposition (Doc. #13), and the administrative record (Doc. #10).

**I.  Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 423(a)(1). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

In the present case, Plaintiff applied for benefits on August 9, 2017, alleging disability due to bulging discs in her lower back and fibromyalgia. After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Kevin Barnes. Thereafter, the ALJ issued a written decision, addressing the first four sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

> Step 1: Plaintiff has not engaged in substantial gainful employment since March 30, 2017.
>
> Step 2: She has the severe impairments of chronic pain syndrome, lumbar spondylosis, segmental and somatic dysfunction of sacral region, disorder of sacroiliac joint, and lumbago with sciatica.
>
> She has the following non-severe physical impairments: fibromyalgia, right wrist ganglion cyst and flexor carpi radialis (FCR) tenosynovitis, cervicalgia, shallow disc bulge, and bilateral facet arthropathy.
>
> Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work… subject to the following limitations: (1) never climbing ladders, ropes, or scaffolds; (2) occasionally climbing ramps and stairs, balancing, stooping, crouching, kneeling, and crawling; (3) avoid hazardous machinery and unprotected heights; (4) performing simple, routine, and repetitive tasks; [and] (5) work environment free of fast-paced production requirements."
>
> She is able to perform her past relevant work as a candle maker, housekeeper, package delivery driver, and delivery driver. This work does not require the performance of work-related activities precluded by Plaintiff's RFC.

(Doc. #10-2, *PageID* #s 50-63). Additionally, while ALJ Barnes concluded that Plaintiff was able to perform her past relevant work, he found, in the alternative, that there were other jobs existing in significant numbers in the national economy that Plaintiff would also capable of performing,

2

including housekeeper, laundry folder, and inspector and hand packager. *Id*. at 62-63. Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 63.[2]

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10-2, *PageID* #s 50-63), Plaintiff's Statement of Errors (Doc. #11), and the Commissioner's Memorandum in Opposition (Doc. #13). To the extent that additional facts are relevant, they will be summarized in the analysis that follows.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec*., 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the

---

[2] Plaintiff's assignment of error was limited to the ALJ's decision to not include the work-preclusive limitations from the third hypothetical in her RFC. Accordingly, she has waived her right to challenge any other findings, as she failed to adequately raise them. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (finding plaintiff had waived its challenge to the ALJ's findings on certain impairments by not raising it in the merits brief).

claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.    Discussion**

In her Statement of Errors, Plaintiff alleges that the ALJ "failed to properly evaluate the vocational expert's testimony after finding [Plaintiff] to have the [RFC] to perform light work." (Doc. #11, *PageID* #910). According to Plaintiff, ALJ Barnes erred by failing to consider Plaintiff's testimony and medical evidence regarding her severe physical impairments as well as the vocational expert's testimony on absences and off-task behavior when formulating the RFC. *Id*. at 910-15. In response, the Commissioner maintains that the ALJ's decision to exclude these work-preclusive limitations is supported by substantial evidence. (Doc. #13, *PageID* #s 929-35).

During the hearing, ALJ Barnes posed a series of hypotheticals to the vocational expert about the availability of jobs in the national economy for an individual with certain hypothetical limitations. (Doc. #10-2, *PageID* #s 82-85). In response to the first two hypotheticals, the vocational expert testified that such an individual would be able to perform either one of Plaintiff's past relevant jobs or other identified jobs existing in significant numbers in the national economy. *Id*. at 82-84. In the third hypothetical, the vocational expert confirmed that the additional limitations of (1) not being able to sustain work activity for a full eight hours on a regular and consistent basis; (2) being off-task for twenty percent of the day in addition to regularly scheduled breaks; and (3) being absent from work at least two days a month would preclude full-time competitive employment if applied either individually or collectively. *Id*. at 84-85.

In assessing Plaintiff's RFC, ALJ Barnes ultimately decided not to include any of the work-preclusive limitations contained in the third hypothetical. *See id*. at 57. Plaintiff contends that the

4

failure to include these limitations in the RFC constitutes reversible error as she would have been found disabled had these limitations been included. (Doc. #11, *PageID* #911).

An individual's RFC is her "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis …." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (July 2, 1996). The ALJ is responsible for assessing an individual's RFC. 20 C.F.R. § 404.1520(a)(4). The ALJ's RFC assessment must be "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' -- *i.e.*, opinions about what the individual can still do despite his or her impairment(s) -- submitted by an individual's treating source or other acceptable medical sources." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (footnote omitted). Furthermore, in assessing a plaintiff's RFC, the ALJ is not required to incorporate every limitation included in the hypothetical questions posed to the vocational expert—rather, the ALJ need only incorporate the limitations he deems credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.") (internal citation omitted).

In this case, substantial evidence supports ALJ Barnes's assessment of Plaintiff's RFC. ALJ Barnes explained the history of Plaintiff's severe impairments, including her chronic pain syndrome, lumbar spondylosis, segmental and somatic dysfunction of sacral region, disorder of sacroiliac joint, and lumbago with sciatica. (Doc. #10-2, *PageID* #s 50-51). He observed that that the record contained imaging studies with "no more than moderate findings, at best, and therapeutic interventions from multiple providers have been conservative[,] including injections, physical therapy … medication, aqua therapy[,] and chiropractic treatment." *Id*. at 50.

5

Notwithstanding these findings, ALJ Barnes concluded that Plaintiff's impairments "might have more than a minimal effect on her ability to perform the basic exertional requirements of work activity" and, therefore, considered the impairments to be severe while also limiting her to a reduced range of light work. *Id*. at 51, 57.

While Plaintiff relies on her treatment records as evidence that she has chronic pain and discomfort from her lumbar spinal disorders and lower back pain, none of the treatment records relied upon explain how these impairments, either individually or in combination, impact her functioning to the point that they would cause her to suffer from the work-preclusive limitations she advocates for, including (1) not being able to sustain work activity for a full eight hours on a regular and consistent basis; (2) being off-task for twenty percent of the day in addition to regularly scheduled breaks; and/or (3) being absent from work at least two days a month. Instead, Plaintiff relies on generalities in her treatment records and testimony to support her claim that her RFC should have included these work-preclusive restrictions. (Doc. #11, *PageID* #s 911-15). Specifically, Plaintiff points to her diagnosis and treatment for her lumbar spinal disorders and lower back pain. *Id*. Noticeably absent from Plaintiff's argument is the fact that none of the records endorse the work-preclusive restrictions she believes should have been included in her RFC. Indeed, while the record confirms that Plaintiff has been diagnosed with and receives regular treatment for lumbar spinal disorder and related lower back pain, there is no credible medical record stating that this impairment would cause Plaintiff to suffer from the work-preclusive restrictions she endorses.

In addition to her treatment records, Plaintiff also relies on the medical source statement from her treating physician, Dr. Edward Clack. (Doc. #11, *PageID* #s 912-15). In this statement completed in July 2019, Dr. Clack indicated that he has been treating Plaintiff every two weeks

for three years for neck pain, thoracic pain, lumbar pain, S1 pain, rib pain, upper extremity pain, and somatic dysfunction. (Doc. #10-9, *PageID* #s 887-90). According to Dr. Clack, Plaintiff suffers from chronic pain related to each of these areas, which he predicted to be "lifelong" as she has failed therapy and pain management, though she sometimes has short periods of improvement. *Id*. at 887. As for clinical findings to support his statements, Dr. Clack indicated that Plaintiff exhibited decreased range of motion, pain with range of motion, point tenderness, and muscle spasms. *Id*. While Dr. Clack found that Plaintiff's also had anxiety, he opined that her emotional factors do not contribute to the severity of her symptoms or functional limitations. *Id*. at 887-88.

As for Plaintiff's ability to perform work-related activities, Dr. Clack opined that Plaintiff could walk one city block without pain and that she must walk every twenty minutes for ten minutes at a time. *Id*. at 888. She is capable of both sitting and standing for 30 minutes at a time for up to four hours a day before needing to move. *Id*. Dr. Clack further opined that Plaintiff would require unscheduled breaks every twenty to thirty minutes for five to ten minutes each due to "pain." *Id*. Additionally, he circled boxes indicating that Plaintiff would be off-task "25% or more" of the workday and would be absent "[m]ore than four days per month" due to her impairments. *Id*. at 889.

Contrary to Plaintiff's contentions, the ALJ's decision to find Dr. Clack's assessment only "minimally persuasive" is supported by substantial evidence. In reaching this conclusion, ALJ Barnes noted that "Dr. Clack's assessment that imposes such significant restrictions on the [Plaintiff's] physical functioning is inconsistent with the medical record." (Doc. 10-2, *PageID* #57). As an example, he noted that "the objective record does not support Dr. Clack's conclusion that [Plaintiff] can walk only one city block when she reported walking and standing 'for hours' and doing 'great' overall despite some hip and back pain as recently as January 2019." *Id*.

7

The ALJ's explanation for finding Dr. Clark's opinion unpersuasive is clearly articulated and supported by substantial evidence. As an initial matter, the ALJ specifically discussed the two most important factors listed in 20 C.F.R. § 404.1520c—supportability and consistency. He pointed out that discrepancies between Dr. Clack's findings at his underlying examinations of Plaintiff and the opined limitations on the assessment. He also noted how his opinion was inconsistent with the medical record as a whole.

Further, elsewhere in his opinion, the ALJ reviewed additional inconsistencies with Dr. Clack's significant restrictions, including diagnostic testing that revealed "no more than moderate findings, at best." (Doc. #10-2, *PageID* #50). *See Sprague v. Colvin*, 2015 WL 2066227, at *3 (S.D. Ohio) (Graham, D.J.) ("Where, as here, the ALJ thoroughly addressed such matters as the consultants' reports, the other medical evidence of record, and plaintiff's credibility earlier in his decision, the ALJ was not required to repeat his discussion of those matters again in his discussion of the weight to be assigned to the medical opinions."). The ALJ also noted Plaintiff's "conservative" treatment and clinical findings, (Doc. #10-2, *PageID* #s 50-51, 60), which was also a valid consideration. *See Kepke v. Comm'r of Soc. Sec.*, 636 Fed.Appx. 625, 631 (6th Cir. 2016) ("The ALJ noted that the records indicate [plaintiff] received only conservative treatment for her ailments, a fact which constitutes a 'good reason' for discounting a treating source opinion"); *Lester v. Comm'r of Soc. Sec.*, 596 Fed.Appx. 387, 389 (6th Cir. 2015) (finding that the ALJ reasonably discounted a doctor's proposed limitations because, among other things, the [plaintiff] was receiving conservative treatment). Thus, these findings also support the ALJ's conclusion that Dr. Clack's opinion was inconsistent with the record.

Instead, the ALJ was reasonably persuaded by the opinions of the state agency consultants, William Bolz, M.D. and Abraham Mikalov, M.D. (Doc. #10-2, *PageID* #59). As part of their

8

assessments in December 2017 and March 2018, respectively, Dr. Bolz and Dr. Mikalov opined that Plaintiff could perform light exertional work, including lifting/carrying twenty pounds occasionally and ten pounds frequently, pushing and pulling without limitation; sitting about six hours in an eight-hour workday; and standing/walking about six hours in an eight-hour workday. (Doc. #10-3, *PageID* #s 98-100; 113-114). Additionally, they also found that she could kneel, balance, crouch, crawl, and climb ramps and stairs without limitation. *Id*. at 99, 113-14. However, Drs. Bolz and Mikalov concluded that Plaintiff could only occasionally stoop and occasionally climb ladders, ropes or scaffold. *Id*. at 99, 113.

In finding these opinions to be persuasive, the ALJ noted that their descriptions of Plaintiff's capabilities were consistent with light work, which he found to be appropriate in light of her physical impairments. (Doc. #10-2, *PageID* #59). Nonetheless, in order to "give maximum consideration to [Plaintiff's] subjective pain complaints[,]" ALJ Barnes imposed greater postural restrictions, including prohibiting her from climbing ladders, ropes, or scaffolds; limiting her to only occasionally climbing ramps and stairs, balancing, stooping, crouching, kneeling, and crawling; and prohibiting her from working around hazardous machinery or unprotected heights. *Id*. Accordingly, the ALJ's decision to find the opinions of Drs. Bolz and Mikalov to be persuasive is clearly articulated and supported by substantial evidence. Likewise, his formulation of Plaintiff's RFC incorporated these findings, except to the extent that he made greater restrictions to account for Plaintiff's reasonable subjective complaints, which is also supported by substantial evidence.

Additionally, Plaintiff's reliance on her more severe subjective complaints to support including these limitations in her RFC is unavailing. It is well-settled that an ALJ is not required to accept a plaintiff's subjective complaints but may instead properly consider the credibility of a

9

plaintiff. *Infantado v. Astrue*, 263 F. App'x 469, 475 (6th Cir. 2008) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). If the ALJ's credibility determinations are explained and enjoy substantial support in the record, the Court is without authority to revisit those determinations. *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007) (declining to disturb the ALJ's credibility determination, stating that: "[w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility" (citation omitted)). *See Beavers v. Sec'y. of Health, Educ. and Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978).

In this case, it is notable that none of the subjective complaints cited by Plaintiff actually demonstrate that her impairments would cause the limitations she advocates for. Specifically, in support of her argument, Plaintiff points to her general complaints regarding her chronic pain and discomfort resulting from her lumbar spinal conditions and other impairments that causes her to frequently lay down and readjust positions. (Doc. #11, *PageID* #915). Absent from Plaintiff's argument, however, is how her chronic pain and discomfort translate to a finding that she would not be able to sustain work activity for a full eight hours on a regular and consistent basis; be off-task for twenty percent of the day in addition to regularly scheduled breaks; and/or be absent from work at least two days a month.

Further, even if Plaintiff had provided such citations to the record, substantial evidence exists to support ALJ Barnes's decision not to include those limitations in the RFC. For example, in response to Plaintiff's subjective complaints regarding the severity of her symptoms, ALJ Barnes concluded that "the extent of physical limitation alleged is largely unsubstantiated by convincing objective medical evidence or clinical findings." (Doc. #10-2, *PageID* #60). He observed that Plaintiff had only undergone conservative treatment for her mechanical back pain, including osteopathic manipulation. *Id*. Additionally, despite some documentation of decreased

10

range of motion and tenderness, Plaintiff remains neurologically intact and has not had uniformly positive results on specialty testing, like straight leg raise. *Id*. Here, the ALJ noted that restricting Plaintiff to a reduced range of light exertion with postural restrictions would adequately address her symptoms and there was no evidence indicating that she would not be able to perform this level of work on a regular and continuing basis. *Id*. Hence, ALJ Barnes carefully considered the totality of the evidence, applied the proper standards, and clearly explained his credibility findings. In doing so, he did not find Plaintiff's alleged impairments to be wholly uncredible but, rather, he simply found that they did not support the additional hypothetical limitations advocated by Plaintiff. Under these circumstances, this Court is without authority to disturb that finding.

For these reasons, Plaintiff's statement of error is not well taken.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. # 11) is **DENIED**;

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the docket of this Court.


March 3, 2022 *s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

11